MAURICE E. CUMMINGS *vs.* ERNEST J. GILMAN, and another.

Kennebec.    Opinion August 2, 1897.

*Sales. Delivery.*

The general rule is that, as between seller and purchaser, and as against strangers and trespassers, the title to personal property passes by sale without delivery, when no question arises in relation to the statute of frauds.

This rule does not operate against subsequent bona-fide purchasers, attaching creditors without notice, and others standing in like relation. As against them there must be delivery of the property sold.

Where the same goods are sold to two different purchasers by conveyances equally valid, he who first lawfully acquires possession will hold them against the other.

In the present case the apples sold remained in the vendor's possession till the defendants hauled them away. The defendants having paid for them, and got the first possession, they will be entitled to hold as against the plaintiff who purchased from the owner, but never got the actual possession.

ON MOTION AND EXCEPTIONS BY PLAINTIFF.

This was an action of trover for forty-five barrels of apples, tried to a jury in the Superior Court for Kennebec County, where a verdict was returned for the defendants.

The plaintiff, in addition to a general motion, took exceptions to a part of the charge to the jury as follows :—

" But the defendants raise another legal point, and that is based upon a question of fact for you to determine. They claim that the testimony of Gordon himself shows that the delivery before payment could be demanded, was to be made at the depot, and they claim that if payment was to be made at the depot, or if it was a condition of the sale that those apples were to be delivered at the depot, then the bargain was not completed, as is claimed by the defendants, until they were delivered at the depot.

" Well, gentlemen, it is undoubtedly true that all the conditions of the sale according to the contract must be complied with before the sale is completed. You must first get at the intention of the

parties. What did they intend in this case? Was it intended that the sale should be completed there at Ingham's place with the packing of the apples in the barrels? Could Ingham then have demanded payment? And if payment had been refused could he have enforced it? If the sale was completed, if all the conditions and intentions of the parties had been complied with, then the sale was completed and he could have demanded pay and enforced it if the payment was not made thereafter.

" But if it was a condition of the sale, and if he had no claim upon Gordon for the price until they had been delivered at the depot, then the sale was not completed until they were delivered.

" So, that, gentlemen, it is a question for you to determine what was the contract. Was it for a delivery and completion of the sale—a delivery to the agent of Gordon there in such manner that Gordon would then have been obliged to pay? Or was he not obliged to pay anything until the delivery at the depot? If so it was an uncompleted sale. It was executory on his part, and a sale to these defendants, under the circumstances to which they have testified, would so put and vest title in them that Cummings could not maintain this action against them."

The presiding judge refused to give the following instructions requested by the plaintiff.

" If one sells property not belonging to him without consent of the owner, such owner may reclaim it in the hands of the buyer, although it was sold and purchased bona-fide and for a valuable consideration."

" In a bargain and sale the thing which is the subject of the contract becomes the property of the buyer the moment the contract is concluded, and without regard to the fact whether the goods be delivered to the buyer or remain in possession of the seller."

To these rulings and instructions and refusals to instruct, the plaintiff excepted.

*E. O. and Fred E. Beane,* for plaintiff.

*J. Williamson, Jr., and L. A. Burleigh,* for defendants.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J. Trover for forty-five barrels of apples. This case is before the court upon motion and exceptions by the plaintiff, verdict being for defendant. The apples were raised by one Ingham, who, as the plaintiff contends, sold the same to Gordon & Henry, traders at Readfield, and that they sold the same to the plaintiff.

The defendants assert that Ingham sold and delivered the apples to them, and that they were bona-fide purchasers with no notice of any sale by Ingham to any other party, they paying in full for the apples.

The principal point involved at the trial was in relation to delivery.

Although the general rule is that, as between seller and purchaser, and as against strangers and trespassers, the title to personal property passes by sale without delivery, (when no question arises in relation to the statute of frauds) nevertheless the same rule does not operate against subsequent bona-fide purchasers, attaching creditors without notice, and others standing in like relation. To render a sale valid against these there must be delivery of the property sold. *Ludwig* v. *Fuller*, 17 Maine, 162; *Vining* v. *Gilbreth*, 39 Maine, 496; *McKee* v. *Garcelon*, 60 Maine, 165.

When, therefore, the same goods are sold to two different purchasers, by conveyances equally valid, it is well settled that he who first lawfully acquires the possession will hold them against the other. *Lanfear* v. *Sumner*, 17 Mass. 110; *Jewett* v. *Lincoln*, 14 Maine, 116; *Brown* v. *Pierce*, 97 Mass. 46, 48.

In this case the apples remained in the vendor's possession until the defendants hauled them away.

The sale under which the plaintiff claims title was to Gordon & Henry while the apples were lying in a bin, unpacked. They never paid for the apples, and the only expense they had been to was the packing. The barrels belonged to Ingham. The court under proper instructions presented the contention of the parties

to the jury. Defendants claimed that the first alleged sale was conditional, that the conditions never having been complied with, it became merely an executory contract, unfulfilled by the parties to it.

If it was a conditional sale, and anything further remained to be done by either party as a condition precedent to the passing of the title, then there was no completed sale.

All questions of fact in relation to the contract of sale by Ingham to Gordon & Henry, and of delivery, were left to the jury, and from an examination of the evidence we see no reason for disturbing the verdict.

Nor do we think the plaintiff's exceptions can be sustained. There is nothing in that part of the judge's charge which is excepted to which will warrant the court in saying there was error; and the same may be said in reference to the exceptions in relation to the requested instructions. The first request was misleading, and could hardly be said to be applicable to the facts in issue. The second request, while it may be unobjectionable in its application between vendor and vendee, is not to be applied when the rights of subsequent bona-fide purchasers are involved.

*Motion and exceptions overruled.*